

Kaplan Martin LLP
156 West 56th Street, Suite 207
New York, NY 10019

(212) 316-9500
rkaplan@kaplanmartin.com

November 8, 2024

**VIA CM/ECF**

The Honorable Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  Re: *Forrest v. Trustees of Columbia University in the City of New York*,
     No. 24 Civ. 1034 (MMG) (SN)

Dear Judge Netburn:

  We write on behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia") in accordance with Rule III.F of Your Honor's Individual Practices in Civil Cases to respectfully request that the Court temporarily seal Columbia's motion to enforce the parties' Term Sheet and associated papers, Plaintiff's forthcoming opposition, and Columbia's forthcoming reply. Although we contacted Plaintiff's counsel regarding this request, we have not received their position on sealing or redaction, but we have indicated our willingness to discuss further with them on Monday.

  Although a presumption of access attaches to judicial documents, courts must "balance competing considerations" against that presumption to determine whether sealing is warranted. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The Second Circuit "has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement." *In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004); *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856–58 (2d Cir. 1998). And, in appropriate circumstances, "protecting the confidentiality of the settlement negotiation process" is a "significant countervailing factor" that "outweigh[s] the presumption." *S.E.C. v. Telegram Grp.*, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020).

  That countervailing factor has additional weight here where Columbia and, at least based

Hon. Sarah Netburn
November 8, 2024
Page 2

on recent discussions with opposing counsel, Plaintiff remain interested in resolving this case. Requiring the public filing of documents concerning an ongoing settlement process risks "chill[ing]" the parties' efforts to fully resolve this case "to the point of ineffectiveness." *Glens Falls Newspapers, Inc.*, 160 F.3d at 858; *see Gen. Motors*, 2016 WL 1317975, at *2 (permitting sealing where "disclosure of the settlement documents would impair ongoing settlement discussions"). Indeed, while "the parties' express wish for confidentiality" might not justify sealing on its own, "honoring [that] wish" will undoubtedly "facilitate" the sort of nonjudicial resolution that "courts are bound to encourage." *Gambale*, 377 F.3d at 143. What is more, if the parties are able to finalize a formal agreement while Columbia's motion to enforce is *sub judice*, Columbia's motion will be moot, and the Court will not be called upon to exercise any "judicial function" in connection with the motion—the very function that gives rise to the presumption of access in the first place. *Lugosch*, 435 F.3d at 119.

These considerations are more than enough to outweigh the presumption of access to all filings in connection with Columbia's motion, at least on a temporary basis. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 2021 WL 3671440, at *4 (S.D.N.Y. Aug. 17, 2021) (motion to enforce a settlement was "temporarily" sealed to protect "confidential settlement-related information"); Order, *Grogan v. N.Y. Univ.*, 1:20-cv-03345 (S.D.N.Y. Sept. 15, 2023), ECF 108; Order, *Cummings v. Adidas USA*, 1:08-cv-09860 (S.D.N.Y. May 22, 2009), ECF 51. Following a decision on Columbia's motion, if any, the parties will be able to brief whether further sealing or redaction is appropriate.

In the event the Court declines to seal the motion and associated filings, even temporarily, Columbia respectively requests that the Court permit the following limited redactions: (i) the settlement amount reflected in Ex. A to the Declaration of Roberta A. Kaplan ("Term Sheet"), and (ii) the text of Paragraph 3 of the Term Sheet, as well as any references to that text in the accompanying declaration or brief. As a general matter, Columbia has drafted its motion papers to minimize the need for redaction of extraneous and sensitive material. And there is a strong basis for the minimal redactions that Columbia proposes. Courts routinely permit redactions to settlement amounts, as "the law favors confidentiality of such information to incentivize resolution of disputes." *Monk v. Goldman Sachs & Co. LLC*, 2023 WL 22618, at *7 (S.D.N.Y. Jan. 3, 2023) (citing cases); *Rahman v. Kaplan Cornelia, Inc.*, 2014 WL 541851, at *10 n.8 (S.D.N.Y. Feb. 11, 2014) (Netburn, J.). Similarly, Paragraph 3 (and references thereto) may be redacted to preserve the confidentiality (and thus the integrity) of an ongoing investigation and to protect strong "privacy interest[s]" in sensitive "disciplinary" information. *Fernandez v. City of New York*, 457 F. Supp. 3d 364, 400–01 (S.D.N.Y. 2020); *Lockwood v. Dunkirk City Sch. Dist.*, 2024 WL 1832488, at *2 (W.D.N.Y. Apr. 26, 2024). Moreover, neither the settlement amount nor Paragraph 3 is central to the resolution of Columbia's motion to enforce, further confirming that redactions are appropriate. *Monk*, 2023 WL 22618, at *7; *Fernandez*, 457 F. Supp. 3d at 401.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan