

                    1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

January 7, 2025

**Via CM/ECF**

The Honorable Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY  10007

      Re:    *Forrest v. Trustees of Columbia University in the City of New York*,
                No. 1:24-cv-01034 (MMG) (SN) (S.D.N.Y.)

Dear Judge Netburn:

      We write on behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia") in the above-captioned action concerning Plaintiff's Opposition to Defendant Columbia's Motion to Enforce the Settlement Term Sheet. ("Opposition," ECF Nos. 68-70.)  In support of the Opposition, Plaintiff filed two declarations—one by Plaintiff Mackenzie Forrest (ECF No. 70) and one by Plaintiff's counsel Ziporah Reich (ECF No. 69), which raise factual disputes about the nature of the parties' agreement.

      **<u>Defendant Columbia's Position</u>:**

      Because Columbia believes that the term sheet is clear and unambiguous on its face, Columbia does not believe that the Court should consider extrinsic evidence concerning the meaning of the term sheet including, to quote Plaintiff, whether there was a "meeting of the minds." To the extent that the Court is inclined to consider factual disputes like these concerning the Term Sheet, Columbia would request a conference with the Court to discuss how the Court intends to decide such issues, including by holding an evidentiary hearing, through limited discovery, or both. *See, e.g.*, *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co. Kommanditgesellschaft v. Republic of Romania*, 123 F. Supp. 2d 174, 184 (S.D.N.Y. 2000).

      In addition, assuming that the Court is inclined to consider the extrinsic evidence presented, Columbia would request that its deadline to file its reply brief, which is currently scheduled for

Hon. Sarah Netburn
January 7, 2025
Page 2 of 2

January 10 (ECF Nos. 58, 60) be adjourned until after the requested conference so that Columbia can have a better sense of how the Court intends to handle these issues. This is the second request for an extension of this deadline. (*See* ECF No. 58.) The previous request was granted. (*See* ECF No. 60.)

**Plaintiff's Position:**

It is Plaintiff's position that the parties should defer to the Court on whether an evidentiary or other hearing is necessary to resolve Defendant's Motion to Enforce the Settlement Term Sheet (the "Motion to Enforce") (ECF No. 50). Plaintiff does not agree with Columbia's position on the clarity of the term sheet (Plaintiff's position is that the term sheet is not clear and unambiguous on its face) nor on whether extrinsic evidence should be considered (Plaintiff's position is it should be considered). Specifically, Plaintiff contends that considering extrinsic evidence, which Defendant first introduced into the record in its brief in support of its Motion to Enforce and supporting declaration (ECF No. 51), is critical to determining whether there was a genuine meeting of the minds between the parties. Without this evidence, the Court's ability to determine whether a binding agreement was ever formed would be significantly impaired.

Plaintiff does not consent to adjourning Defendant's deadline to file its reply brief indefinitely, but she does consent to a reasonable extension of time from the current deadline of January 10, 2025 to January 24, 2025 (or some other reasonable date certain) for Defendant to file its reply brief.

*     *     *

The parties appreciate Your Honor's consideration of these issues.

Respectfully submitted,

Roberta A. Kaplan

cc:   All counsel of record (via ECF)